Nov. Term, 1854.

ABBOTT
v.
MUIR.

---

ABBOTT *v.* MUIR.

The declarations of the assignor of a promissory note not negotiable by the law merchant, if made before the assignment, are admissible in a suit by the assignee against the maker.

*Monday, December 4.*

APPEAL from the *Ripley* Circuit Court.

DAVISON, J.—*Muir* sued *Abbott*, in assumpsit, on a promissory note for the payment of 400 dollars. The note was dated *September 5*, 1850, payable to one *Elkanah Burroughs* one year after date, and by him, on the 8th of *July*, 1851, assigned to *Muir*. Pleas, 1. The general issue. 2. Failure of consideration. 3. Fraud. 4. That the note was obtained by duress of imprisonment. Issues. Verdict for the plaintiff. New trial refused, and judgment on the verdict.

The defendant, upon the trial, offered to prove by one

*John Burroughs*, that *Elkanah Burroughs*, the payee and assignor of the note, before its assignment, and while he was the holder and owner of it, stated to the witness that "just before the note was executed, the defendant had committed a rape on his, the assignor's wife, and in consideration of compounding a criminal prosecution for that crime, and that no prosecution for the same should be had, and to prevent the same, the defendant gave the note." But the Court refused to allow the witness to give the above statements in evidence, on the ground that the assignor himself was competent to prove them.

The evidence should have been admitted. It is now a settled rule, that such declarations by the assignor of a note, like the present, not negotiable by the law merchant, if made before the assignment, are admissible against the assignee in a suit between him and the maker. These admissions, it is said, "derive their value and legal force from the relation of the party making them to the property in question, are to be taken as parts of the *res gestæ*, and may be proved by any competent witness who heard them, without calling the party by whom they were made." 1 Phill. Ev. 394.—1 Greenleaf Ev. 231.—Byles on Bills 333. But in this Court the present is not an open question. It has been directly met and decided in *Blount* v. *Riley*, 3 Indiana 471. Upon the authority of that case, the judgment of the Circuit Court must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Holland*, for the appellant.

*W. S. Holman*, for the appellee.